# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ANDREW WARNICK | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *    Case No. 1:23-cv-00175-RDB |
| | * |
| DELMARVA POWER & LIGHT CO. | * |
| | * |
| Defendant. | * |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**<u>DEFENDANT'S RESPONSE TO PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

The Defendant, Delmarva Power & Light Company ("DPL"), through counsel,

submits the following Responses to Plaintiff's Requests for Production of Documents.

\*    \*    \*

<u>REQUEST #1</u>:       Any and all drawings, schematics and 1-line-electrical diagrams, other diagrams, plan view and any documents indicating the voltage class of equipment and other document of any type that depicts or is intended to depict the Electrical Room or any pieces of equipment of component parts contained in the Electrical Room.

**<u>RESPONSE #1</u>:       If DPL possesses any responsive documents, they will**

**be produced.**

<u>REQUEST #2</u>:       Any document of drawings relating to any proposed upgrades to the Electrical Room or equipment or component part replacements, whether such upgrades or replacements were implemented or not.

**<u>RESPONSE #2</u>:       DPL has not found any documents in response to this**

**request.**

<u>REQUEST #3</u>:       Any documents or records that pertain to the installation of the Equipment owned and/or installed by you in the Electrical Room.

**<u>RESPONSE #3</u>:       If DPL possesses any responsive documents, they will**



*Warnick v. DP&L, et al.*
Defendant's Response to Request for Production of Documents
Page 2

**be produced.**

REQUEST #4:    Any document or records that pertain to the maintenance and/or replacement of Equipment owned or installed by you in the Electrical Room.

**RESPONSE #4:    DPL has not found any documents in response to this request.**

REQUEST #5:    Any manufacturer's or seller's instructions or warnings pertaining to any equipment owned or installed by you in the Electrical Room that was present in the room in September of 2021.

**RESPONSE #5:    Given that the installation occurred nearly 50 years ago, DPL has not found any documents in response to this request.**

REQUEST #6:    Any and all records of inspections of the Electrical Room, including any pieces of equipment or component parts contained in the electrical room or of the door to the Electrical Room or any locks installed in or affixed to the door of the Electrical Room from the date that electrical equipment was first installed equipment in the Electrical Room to the present.

**RESPONSE #6:    DPL has not found any documents in response to this request.**

REQUEST #7:    Any and all contracts or agreements between you and any party relating to the Premises or the Electrical Room.

**RESPONSE #7:    Objection. This Request is not limited to contracts or agreements before the event on September 9, 2021. Post-incident contracts or agreements are not relevant.  Without waiver of these objections, DPL has not found any documents relating to such contracts or agreements before September 9, 2021.**

REQUEST #8:    Any and all letter, emails, correspondence or records of



*Warnick v. DP&L, et al.*
Defendant's Response to Request for Production of Documents
Page 3

any communications between you and any other party relating to securing the Electrical Room from access by unqualified parties or describing persons or categories of person who are or may permitted access to the electrical room or to the location and proper handling and safeguarding of keys to the Electrical Room.

**RESPONSE #8:    Objection.  The Request is not limited to restricted to communications before the event on 9-9-2021.  Post-incident communications are not relevant and to the extent the communications were carried out by counsel, they would reflect counsel's work product efforts.  Without waiver of these objections, DPL has not found any documents relating to such communications before 9-9-2021.**

REQUEST #9:    Any and all letter, emails, correspondence or records of any communications between you and any other party relating to or describing persons or categories of person who are or may permitted access to the electrical room or to the location and proper handling and safeguarding of keys to the Electrical Room.

**RESPONSE #9:   See the objection and response to Request No. 9.**

REQUEST #10:    Any and all codes, standards, recommended practices and procedures or internal policies, procedures or protocols referenced by you or which pertain to the installation, repair, maintenance, inspection or scheduled obsolescence of any of the equipment or component parts located in the Electrical Room belonging to You.

**RESPONSE #10:    The Defendant is not obligated to produce publicly available laws, codes, regulations and industry standards.  It will produce, if any, documents created by DPL relating to the requested matters.**

REQUEST #11:    Any and all codes, standards, recommended practices and procedures or internal policies, procedures or protocols referenced by you or which were published, prepared or promulgated within the past twenty years and pertain to securing the Electrical Room or preventing access to any of the equipment or



*Warnick v. DP&L, et al.*
Defendant's Response to Request for Production of Documents
Page 4

component parts located in the Electrical Room belonging to You for the purpose of preventing injuries by persons not employed by You.

**RESPONSE #11: The Defendant is not obligated to produce publicly available laws, codes, regulation and industry standards. Without waiver, please see 29 CFR 1926.403(i)(2) produced herein.**

REQUEST #12:    Any and all codes, standards, recommended practices and procedures or internal policies, procedures or protocols referenced by you or which were produced, published or promulgated within the past twenty years and pertain to permitting access to any of the equipment or component parts of the type located in the Electrical Room in September of 2021 belonging to You.

**RESPONSE #12: The Defendant is not obligated to produce publicly available laws, codes, regulations and industry standards. Without waiver, please see regulation produced in response to Requests 11, 14 and 15 generally responding to this request.**

REQUEST #13:    Any and all codes, standards, recommended practices and procedures or internal policies, procedures or protocols which were referenced by you or published, prepared or promulgated from the date of the initial installation of the subject equipment to the present pertaining to inspecting any of the equipment or component parts or the type located in the Electrical Room belonging to You including, but not limited to such codes, standards, recommended practices and procedures and protocols relating to response to storms on ocean-front properties or properties located close to the ocean.

**RESPONSE #13:  The Defendant is not obligated to produce publicly available laws, codes, regulations and industry standards.  Without waiver, DPL has not found any documents responsive to this request.**

REQUEST #14:    Any and all codes, standards, recommended practices and procedures or internal policies, procedures or protocols referenced by you or which were published, prepared or promulgated from the date of initial installation to the

*Warnick v. DP&L, et al.*
Defendant's Response to Request for Production of Documents
Page 5

present that pertain to personal protective equipment, or clothing that must be worn by individuals working inside a room containing any of the same type of energized equipment or component parts that were located in the Electrical Room in September of 2021.

**RESPONSE #14:  The Defendant is not obligated to produce publicly**

**available laws, codes, regulations and industry standards.  Without waiver,**

**please see 29 CFR 1910.137, produced herein.**

REQUEST #15:      Any and all codes, standards, recommended practices and procedures or internal policies, procedures or protocols referenced by you or which or which were published, prepared or promulgated from the date of initial installation to the present which pertain to actions that must be taken or training received before an individual can be permitted to enter a room containing the same or similar type of energized equipment or component parts that were located in the Electrical Room in September of 2021.

**RESPONSE #15:  The Defendant is not obligated to produce publicly**

**available laws, codes, regulations and industry standards. Without waiver,**

**please see 29 CFR 1910.301(e); 29 CFR 1910.399; 29 CFR 1926.400(e); and 29**

**CFR 1926.449 produced herein.**

REQUEST #16:      Any and all document pertaining to any warnings located on the Electrical Room door on in the Electrical Room from the date of initial installation to the present.

**RESPONSE #16:    Objection.  This request is patently overbroad.**

**Documents that merely "pertain to"  a subject (e.g., "any warnings"), clearly and**

**impermissibly include a request for attorney-client communications and work**

**product generated or created for this matter.  Such documents are not**

**discoverable.  Photographs of the warning sign on the entrance door on 9-9-**



*Warnick v. DP&L, et al.*
Defendant's Response to Request for Production of Documents
Page 6

**2021 have been produced. Other documents prepared in the ordinary course of**

**business, including investigative reports by others, will be produced.**

REQUEST #17:    Any photographs or videos of the Premises or Electrical
Room or of Mr. Warnick.

**RESPONSE #17:    Items responsive to this request have already been**

**produced.**

REQUEST #18:    All statements and communications of any and all
witnesses including any and all statements of Plaintiff(s) and Defendant(s), including
taped recordings, whether transcribed or not, as well as all written statements.

**RESPONSE #18:  The Defendant does not have any written or recorded**

**statement of the Plaintiff.  As to statements obtained from witnesses as a part of**

**the investigation or defense of this matter, pursuant to Rule 26(b)(3)(A),**

**ordinarily, a party may not discover documents and tangible things that "are**

**prepared in anticipation of litigation or for trial by or for another party or its**

**representative (including the other party's attorney…insurer or agent)".**

**Documents prepared by others or by DPL in the ordinary course of business will**

**be produced.**

REQUEST #19:    The name, home and business address, background and
qualifications of any and all persons in the employ of Defendant, who in anticipation
and/or preparation of litigation, is expected to be called to trial.

**RESPONSE #19:    Objection. This is not a request for documents.**

REQUEST #20:    Any and all documents and communications containing the
name and home and business addresses of all individuals contacted as potential
witnesses.



*Warnick v. DP&L, et al.*
Defendant's Response to Request for Production of Documents
Page 7

**RESPONSE #20:  This request seeks to learn the work product assess of counsel on what witnesses might be called at trial.  Plaintiff is not entitled to learn such matters in discovery.**

REQUEST #21:    Reports, communications, and/or documents prepared by any and all experts who will testify at trial.

**RESPONSE #21:  When retained experts are identified, except for draft reports of the expert and documents relating to communications with any retained expert (which are protected from discovery under F.R.Civ.P. Rule 26(b)(4)(B) and (C)), responsive documents will be produced if such documents have not already been produced in discovery.**

REQUEST #22:    Reports, manuals, textbooks, policy sheets or other documents, or communications or electronic data or emails which any said expert, potential expert, witness or potential witness has consulted or reviewed as a result or in preparation of this litigation or will consult or review.

**RESPONSE #22:  Objection.  Plaintiff is not entitled to learn in discovery what a "potential expert" or a witness or a "potential witness" "consulted or reviewed" in preparation of the litigation or "will consult or review."  As to retained experts to be called at trial, if responsive documents come into the possession of DPL, they will be produced.**

REQUEST #23:    Resumes and qualifications of any and all experts who will testify at trial.

**RESPONSE #23:  Objection.  A request for "qualifications" is not a request for documents.  As to "resumes", with or after the identification of**



*Warnick v. DP&L, et al.*
Defendant's Response to Request for Production of Documents
Page 8

**retained experts, the CVs of the experts will be provided.**

REQUEST #24:    All documents of any nature whatsoever which refer in any way to the Accident and/or the facts or circumstances leading up to and following said Accident.

**RESPONSE #24:    Objection.  This is an absurdly overbroad request.  It clearly and directly seeks discovery of protected work product and privileged communications (i.e., any document" that refers to "the Accident" or facts "leading up to" and "following" the Accident.  There is no reasonable means by which the Defendant can identify every document that "refer[s] in any way" to "facts or circumstances leading up to" or that came after.   This request does not comply with the simple mandate that requests for documents describe the documents being sought with "reasonable particularity."  F.R.Civ.P. Rule 34(b)(1)(A).**

REQUEST #25:    All documents and/or communications relating to any facts on the basis of which it is asserted that the conduct of the Plaintiff(s) contributed to the happenings of the Accident or to the alleged injuries or losses suffered allegedly as a result of this accident.

**RESPONSE #25:    Objection.  This is an improper request.  What is seeks to do is to learn what documents counsel will use or rely on to prove contributory negligence.  Whether a document supports or tends to support a position taken by counsel or a party involves a work product assessment. Plaintiff is not entitled to discover such assessments.  Without waiver, DPL reserves the right to rely on any relevant non-privileged document produced or**



*Warnick v. DP&L, et al.*
Defendant's Response to Request for Production of Documents
Page 9

**made available in discovery to support its position that Plaintiff was**

**contributorily negligent.**

REQUEST #26:    Any and all documents of any nature whatsoever referenced or referred to in Defendant's Answers to Plaintiff's Interrogatories.

**RESPONSE #26:    No documents are specifically referenced in the**

**Answers.**

Respectfully submitted,

SASSCER, CLAGETT & BUCHER

by:    ___/s/ Phillip R. Zuber, Esq._____
Phillip R. Zuber, Esquire, #03501
5407 Water Street, Suite 101
Upper Marlboro, MD 20772
(301) 627-5500/ (301) 627-4156 fax
pzuber@scblawyers.com
*Counsel for Delmarva Power & Light Co.*



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ANDREW WARNICK            *

           Plaintiff,        *

v.                          *    Case No. 1:23-cv-00175-RDB

DELMARVA POWER & LIGHT CO.   *

           Defendant.      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>NOTICE OF SERVICE</u>

I HEREBY CERTIFY that on this 4th day of August 2023, a copy of the

foregoing **Defendant's Response to Request for Production of Documents** was

electronically sent to:

Kenneth G. Macleay, Esq.                Patrick C. Timoney, Esq.
Macleay Law Firm, LLC                 Gregory M. McNamee, Esq.
410 Severn Ave., Building B           Devine Timoney Law Group
Annapolis, MD 21403                   Veva 14, Suite 404
ken@thekgmlaw.com                   1777 Sentry Pkwy. West
*Counsel for Plaintiff*                   Blue Bell, PA 19422
                                        ptimoney@devinetimoney.com
                                        gmcnamee@devinetimoney.com
                                        *Counsel for Plaintiff*

                                     Respectfully submitted,

                                     SASSCER, CLAGETT & BUCHER



           by:      /s/ Phillip R. Zuber, Esq.
                       Phillip R. Zuber, Esquire, #03501
                       5407 Water Street, Suite 101
                       Upper Marlboro, MD 20772
                       (301) 627-5500/ (301) 627-4156 fax
                       pzuber@scblawyers.com
                       *Counsel for Delmarva Power & Light Co.*